IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WOODSON INTERNATIONAL CHEVRON, § <br> PLAINTIFF, § <br> § <br> v. § <br> § <br> SOCIAL SECURITY AD, § <br> DEFENDANT. § | § <br> § <br> § <br> § CIVIL CASE NO. 3:23-CV-1388-X-BK <br> § <br> § <br> § |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted *pro se* litigant Jeral Durant Henderson's motion to proceed *in forma pauperis* but did not issue process in this case. Doc. 7. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED**.

I.     BACKGROUND

Henderson has a lengthy and abusive filing history. On June 27, 2023, District Judge Ed Kinkeade dismissed one of his recent cases as frivolous and barred him from filing future actions *in forma pauperis* without first obtaining leave of court to do so. *See Henderson v. Dart Internal Affairs*, No. 3:23-CV-1086-K-BK (N.D. Tex. June 27, 2023).

On June 22, 2023, Henderson filed this action on behalf of Woodson International Chevron along with a motion to proceed *in forma pauperis*. Doc. 3; Doc. 4. Henderson signed both the complaint and motion to proceed *in forma pauperis* but did not list himself as a plaintiff. His one-page complaint is incoherent and nonsensical. Doc. 3 at 1. Henderson references the social security website and claims he has "proof" of an "ethical situation" and "serious crimes."

Doc. 3 at 1. He also encloses an *Identity Theft Affidavit* (IRS Form 14039), which he personally signed. Doc. 3 at 2-3.

Upon review of the complaint, the Court concludes that, if Henderson intends to sue on his own behalf, he fails to present a cognizable claim and his factual contentions are both delusional and deficient. Thus, ay such claims should be dismissed as frivolous. Further, any claims Henderson has attempted to assert on behalf of Woodson International Chevron should be dismissed without prejudice to the business entity retaining its own counsel and filing its own case if appropriate.

## II.     ANALYSIS

Henderson's complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides, among other things, for the sua sponte dismissal of a complaint if the Court finds that it is frivolous or malicious. A complaint is frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Henderson has failed to state a cognizable legal claim or anything that can be construed as such. Henderson offers no supporting legal authority and, as illustrated here, his factual

contentions are clearly inadequate to support any cognizable claim. *See Denton*, 504 U.S. at 33. His allegations also border on the irrational and incredible. *Id.*

Moreover, Henderson is not a licensed attorney and, thus, neither qualified nor permitted to represent a business entity before this Court. *See Southwest Express Co., Inc. v. Interstate Com. Comm'n*, 670 F.2d 53, 55-56 (5th Cir. 1982) (business entities must be represented by licensed counsel in a civil proceeding). "'28 U.S.C.A. § 1654 . . . only allows for two types of representation: that by an attorney admitted to the practice of law . . . and that by a person representing himself.'" *Gonzales v. Wyatt*, 157 F.3d 1016, 1021-22 (5th Cir. 1998)) (citations omitted); *see also* Fed. R. Civ. P. 11(a) (requiring that every pleading, motion, and other paper must be signed by an attorney or by a party personally if the person is unrepresented).

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed here Henderson's apparent claims are fatally infirm. Based on the most deferential review of his complaint, it is unlikely that, given the opportunity, he could allege cogent and viable legal claims. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, any claims Henderson has attempted to assert on his own behalf should be **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). Further, any claims Henderson attempts to assert on behalf of Woodson International-Chevron should be **DISMISSED WITHOUT PREJUDICE** to refiling through licensed counsel.

Finally, as noted above and reiterated here, Henderson has been barred by this Court from filing future actions *in forma pauperis* in this or any other federal court, without first obtaining leave of court to do so, and any case filed, removed, or transferred without the applicable filing fee, in which he is the plaintiff, should not be reviewed by the Court. *See Henderson v. Dart Internal Affairs*, No. 3:23-CV-1086-K-BK (N.D. Tex. June 27, 2023). **However, in light of Henderson's blatant attempt to avoid the application of Court's prefiling sanction in this case, the Court should also order that the prefiling sanction imposed in case number 3:23-CV-1086-K-BK, also apply to any future actions filed by Henderson on behalf of any entity or another person.**

**SO RECOMMENDED** on July 28, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).